UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORY GILLILAND, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-2230 |
| | ) | |
| CORPORAL BUCKNER, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [7].

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* February 13, 2023 Merit Review Order. The pro se Plaintiff was allowed additional time to file an amended complaint if he believed he could articulate a claim and the Court provided specific instructions to assist in clarifying his allegations.

Plaintiff has now submitted his proposed amended complaint which has been filed as a Motion for Leave to File. [7]. The Motion is granted pursuant to Federal Rule of Civil Procedure 15. [7].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified State's Attorney Andrew Killian, Corporal Buckner, Attorney Lance Cagel, Harvey Welch, and the City of Paxton, Illinois as Defendants.

Plaintiff now clarifies his allegations do not involve his current, pending criminal cases in Peoria County, Illinois. See February 13, 2023 Merit Review Order.  Instead, Plaintiff says he is referring to his arrest in Paxton, Illinois and the Ford County Case: *People v. Gilliand*, Case No. 20 CF 40. (Amd. Comp., p, 2).

The Court takes judicial notice of the public records which indicate Plaintiff was arrested on either May 3 or May 4, 2020, and charged with a felony of violating an order of protection with a prior domestic battery conviction.[1]  Plaintiff appeared before the Court on May 5, 2020 and the Court specifically found there was probable cause for the arrest without a warrant.  The Court also found the state demonstrated sufficient probable cause during a preliminary hearing on May 28, 2020.  Defendant Corporal Buckner testified during the hearing. Plaintiff ultimately pled guilty to the charge on July 14, 2020.  While Plaintiff was represented by Defendant Attorney Welch during the hearing, it is unclear if he was a public defender.

---

[1] *See* JUDICI, FORD COUNTY, https://www.judici.com/courts/cases/case_dispositions, (last visited April 18 2023.

Portions of the complaint are difficult to decipher due to the faint print. Nonetheless, Plaintiff claims his attorney, Defendant Welch, did not properly defend him during his criminal case. Plaintiff also accuses Defendant States Attorney Welch of threatening and intimidating him into "signing paperwork." (Amd. Comp., p. 3). Plaintiff further stated the States Attorney indicted him on charges he knew were false, and the City of Paxton "is responsible for hiring" the state's attorney. (Amd. Comp., p. 3).

Plaintiff next claims Defendant Officer Buckner improperly arrested him without probable cause.

Finally, Plaintiff says Defendant Cagel is an attorney in a paternity case and Plaintiff claims the Defendant has used the order of protection "as a weapon" and provided false information. (Amd. Comp., p. 5).

Based on his allegations, Plaintiff asks the Court to expunge his criminal conviction and award damages.

Plaintiff has failed to articulate a constitutional violation. As the Court previously advised Plaintiff, Defendant States Attorney Killian is immune from suit when carrying out prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated" with the judicial process); *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence."). And, if Defendant Welch was an appointed public defender,

3

he was not acting under color of state law when performing the traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 317 n. 4 (1981).

In addition, "[a] civil action is not the way to challenge the validity of a criminal conviction." *Jones v. City of Lincoln*, 2015 WL 4735203, at *1 (C.D.Ill. Aug. 10, 2015). The Supreme Court in *Heck v. Humphrey,* 512 U.S. 477 (1994) held "a district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence." *Helman v. Duhaime,* 742 F.3d 760, 762 (7th Cir.2014).

Therefore, Plaintiff cannot consider Plaintiff's claims of false reports, false allegations, coerced pleas, or ineffective counsel. *See Holly v. Boudreau,* 103 Fed.Appx. 36 (7th Cir. 2004)(allegations in § 1983 suit that false police report and ineffective assistance of counsel coerced guilty plea and would be barred by *Heck*). Plaintiff also cannot challenge whether there was probable cause for his arrest. *See Chriswell v. Village of Oak Lawn,* 2013 WL 5903417 (N.D.Ill. Nov. 4, 2013)(Fourth Amendment false arrest claim barred where plaintiff pled guilty "to the very behavior that would have constituted probable cause for her arrest.").

Plaintiff's claims are also time barred. The statute of limitations for an action pursuant to 42 U.S.C. §1983 in Illinois is two years. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). The time beings to run when a plaintiff knows or has reason to know of the injury that is the basis of his claim. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). In this case, Plaintiff was arrested on May 4, 2020 and went before a judge the next day. Nonetheless, Plaintiff did not file his lawsuit until more than

4

years later on October 24, 2022. *See Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016)("The statute of limitations for a false-arrest claim beings to run at the time the claimant becomes detained pursuant to legal process, meaning when the claimant is bound over for trial.") (internal citations omitted).

Finally, Plaintiff has not provided any time frame for his allegations against Defendant Attorney Cagel, but he has failed to articulate any claim based on counsel referring to a valid order of protection, even if Plaintiff disagrees with the order.

Plaintiff has failed to articulate a constitutional violation and the Court does not believe Plaintiff can cure the stated deficiencies if given another opportunity to amend.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is GRANTED pursuant to Federal Rule of Civil Procedure 15 [7].

2) The Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) The dismissal may count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 19th day of April, 2023.


                      s/James E. Shadid
              _____
                      JAMES E. SHADID
              UNITED STATES DISTRICT JUDGE